Eastern District of Kentucky
FILED

SEP 22 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CRIMINAL ACTION NO.** 5:25-cr-115-KKC-1

**UNITED STATES OF AMERICA**                               **PLAINTIFF**

V.                               **PLEA AGREEMENT**

**JOHN TRAVIS HOWARD**                                     **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole Count of the Information, charging a violation of 18 U.S.C. § 371, conspiracy to abstract and remove articles and things contained in mail.

2. The essential elements of the Count are:

    (a)   The Defendant conspired or agreed with at least one other person to commit any offense against the United States, that is, to abstract and remove articles and things contained in mail;

    (b)   The Defendant knowingly and voluntarily joined the conspiracy; and

    (c)   At least one member of the conspiracy did one of the overt acts described in the Information for the purpose of advancing or helping the conspiracy.

3. As to the sole Count charged, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits that these facts are true:

   From on or about June 14, 2024, through on or about November 30, 2024, the Defendant and Trina R. Howard knowingly and willfully agreed and conspired together to abstract and remove, and subsequently sell for profit, cellular phones

from the mail. This joint scheme occurred in Fayette and Mercer Counties, in the Eastern District of Kentucky, and elsewhere. The Defendant, through his employment, had access to packages being shipped through the mail. During the relevant period, the Defendant used that access to identify parcels containing cellular phones and knowingly and willingly abstract and remove the devices from the mail without authorization. The scheme involved approximately 150 known cellular phones stolen from the mail and at least approximately 146 unique victims. The value lost to the company that should have received the largest share of the phones (approximately 130 out of 150) was approximately $50,830.00 ($391 per phone). The Defendant intended to commit the substantive offense of mail theft. The Defendant provided some of the cellular phones to Trina R. Howard, whose primary role in the conspiracy was to sell and to facilitate the sale of the stolen phones for profit. During the relevant period, Trina R. Howard and, to a lesser degree, the Defendant, sold the devices at ecoATMs and privately to other individuals, and they further provided devices to other individuals to sell. Those individuals would then return the profits to Trina R. Howard and the Defendant. In total, the Defendant and Trina R. Howard jointly received $19,609.00 in proceeds as a result of the conspiracy.

4. The statutory punishment for the Count (or offense) is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, which the Defendant will pay to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2024, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in ¶ 3 and the provided discovery materials.

    (c) Pursuant to U.S.S.G. §§ 2X1.1(a) and 2B1.1(a)(2), the base offense level is 6.

(d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(D), increase the offense level by 6 levels because the loss is more than $40,000.

(e) The United States reserves the right to seek, and the Defendant reserves the right to oppose, an enhancement under U.S.S.G. § 2B1.1(b)(2)(A).

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(g) Pursuant to U.S.S.G. § 5E1.1, restitution is not less than $50,830.00, and shall be payable to the victim(s) as ordered at sentencing.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The United States will recommend releasing the Defendant on conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10. The Defendant consents to the imposition of a forfeiture money judgment in the amount of $19,609.00, which represents the amount of proceeds that the Defendant obtained as a result of the offense to which he is pleading guilty. The Defendant consents

to the entry of a Preliminary Order of Forfeiture. If the Defendant fails to pay in full the forfeiture money judgment, he consents to the forfeiture of any other property of his up to the amount of the forfeiture money judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. The Defendant agrees to pay restitution in the amount of not less than $50,830.00 to the victim(s) as ordered at sentencing, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis. The Defendant further agrees that he and Trina R. Howard jointly participated in the conspiracy charged in this case and, as such, both he and Trina R. Howard should be held jointly and severally liable for the restitution owed to the Defendant's victims in this matter if Trina R. Howard is also convicted.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's

Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations; provided however that such consent will not be required before the Defendant pays his reasonable normal and customary monthly household bills, including his car payments. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving

rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the

United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant, and his attorney, acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 9/3/25    By: *(signature)*
James T. Chapman
Assistant United States Attorney

Date: 9-3-25    *(signature)*
John Travis Howard
Defendant

Date: 09/03/2025    *(signature)*
Abe Mashni
Attorney for Defendant

7